**Kendall NORMAN, Appellant,**

v.

**UNITED STATES of America, Third–Party Plaintiff,**

v.

**ELWYN INDUSTRIES, and/or Elwyn, Inc., Third–Party Defendant.**

No. 96–1645.

United States Court of Appeals, Third Circuit.

Submitted March 26, 1997.

Decided April 11, 1997.

John F. McElvenny, Michael LaRosa, LaRosa & DeLuca P.C., Philadelphia, PA, for Appellant.

Michael R. Stiles, United States Attorney, James G. Sheehan, Assistant United States Attorney Chief, Civil Division, Lois W. Davis, Keir N. Dougall, Assistant United States Attorney, Office of United States Attorney, Philadelphia, PA, for Appellee United States of America.

Domenick C. DiCicco, Jr., Simasek, Ruzzi & McKee, Philadelphia, PA, for Appellee Elwyn Ind. and/or Elwyn, Inc.

Before: SLOVITER, Chief Judge, STAPLETON and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

The question for decision in this appeal from dismissal of the claim for want of subject matter jurisdiction brought in an action brought under the Federal Tort Claims Act is whether the activity complained of comes within a recognized exception to the Act. The Plaintiff claimed that he slipped and fell in the Ceremonial Court Corridor of the William J. Green Federal Building and the Byrne Courthouse Building in Philadelphia because a film of water and ice was on the floor at the entrance to the building.

The Federal Tort Claims Act vests exclusive jurisdiction in district courts for claims against the United States "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act occurred." 28 U.S.C. § 1346(b). Title 28 U.S.C. § 2671 explains that "Federal agency" and "Employee of the government" do not include any contractor with the United States. Thus, there is an independent-contractor exemption in the Federal Tort Claims Act. The district judge determined that any negligence causing the injury was that of the independent contractor (who was brought into this case as a third-party defendant), not that of the United States. Therefore, the court concluded that Plaintiff's claim came within the independent-contractor statutory exception to the FTCA and, accordingly, dismissed the complaint for want of subject matter jurisdiction. We affirm the judgment of the district court.

■ The critical factor used to distinguish a federal agency employee from an independent contractor is whether the government has the power "to control the detailed physical performance of the contractor." *United States v. Orleans* 425 U.S. 807, 814, 96 S.Ct. 1971, 1973, 48 L.Ed.2d 390 (1976) (citing *Logue v. United States,* 412 U.S. 521, 528, 93 S.Ct. 2215, 2219, 37 L.Ed.2d 121 (1973)). "[T]he question here is not whether the [contractor] receives federal money and must comply with federal standards and regulations, but whether its day-to-day operations are supervised by the Federal Government." *Id.* at 815, 96 S.Ct. at 1976. The contractor here, Elwyn Industries, was given broad responsibilities for daily maintenance. The contract specifically requires Elwyn to maintain an on-site supervisor, and explicitly

**358**

states that "Government direction or supervision of contractor's employees directly or indirectly, shall not be exercised." App. for Appellant at 74a.

■ Alternatively, appellant argues that even if Elwyn Industries was negligent, the United States remains liable under Pennsylvania law as the owner and possessor of the building. There is a split in the circuits on this question. *Compare Dickerson, Inc. v. United States,* 875 F.2d 1577 (11th Cir.1989) (interpreting Florida law and holding the government liable), *with Berkman v. United States,* 957 F.2d 108 (4th Cir.1992) (interpreting Virginia law and holding that independent-contractor exception precluded governmental liability even though similar property owners might be liable under state law for injuries resulting from unsafe conditions). We believe the Fourth Circuit offers the better reasoned analysis and we accept it as our own. The *Berkman* court stated:

> Thus, while Berkman is correct in his assertion that, under Virginia law, the United States when acting as a landowner must maintain its property in a reasonably safe condition, Berkman must also show that federal law permits the application of this law to the United States. This he fails to do. The fundamental error in Berkman's reasoning flows from the fact that the government of the United States can act only through people. Furthermore, it is well understood that the government's activities are not performed exclusively by the government's employees and that independent contractors and subcontractors conduct a broad array of functions on the government's behalf. Thus, the FTCA divides the universe of persons through which the United States may act into two general classes, "employee[s] of the government" and "contractor[s]." *See* U.S.C. §§ 1346(b), 2671.

> \* \* \* \* \* \*

> [W]e find nothing in the language of the act or in the legislative history of the FTCA to indicate that Congress considered the existence of a generalized liability, attributable to the United States based on any breach of a state defined duty. By expressly waiving immunity for the tortious conduct of its employees and only its employees, the FTCA requires a more fo-

cussed approach that requires the courts to determine the relationship to the United States of the actor whose negligence might be imputed to the government under state law.

*Berkman,* 957 F.2d at 112–113. *See Gibson v. United States,* 567 F.2d 1237 (3d Cir.1977).

We have considered all arguments advanced by the parties and have concluded that no further discussion is necessary.

The judgment of the district court will be affirmed.