**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1920
_____

HERNAN MORENO,
                                        Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 07-cv-01225)
District Judge:  Honorable James F. McClure, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 12, 2010
Before: SMITH, FISHER and GARTH, Circuit Judges

(filed: July 14, 2010)

_____

OPINION
_____

PER CURIAM

        Hernan Moreno appeals pro se from the judgment entered against him by the

United States District Court for the Middle District of Pennsylvania.  For the reasons that

follow, we will affirm.

Moreno, a federal prisoner, filed an action alleging that he was entitled to relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, due to the United States' alleged mishandling of his medical care.[1]  As is relevant to the appeal, Moreno's amended complaint asserted that, "as a result of the inadequate care I became blind in one eye due to the work that the government contracts out."  He explained that, in November 2004, the medical department at the United State Penitentiary at Allenwood sent him to an outside clinic where two doctors performed laser surgery without knowing that there was a "stent" in his right eye, and that "the procedure burnt the stent in his eye making him permanently blind and suffer a lot of pain."

The United States filed a motion to dismiss and for summary judgment on the ground that it is not liable under the FTCA for the actions of the medical care providers because they are independent contractors, not government employees.  See United States v. Orleans, 425 U.S. 807, 814 (1976).  Moreno responded by asserting that the United States was responsible for his injury because there was "a clear overlapping of responsibilities and an interchanging of medical information" regarding the treatment for his eye.  The Magistrate Judge rejected this argument and agreed with the United States that the "allegations in the amended complaint and administrative tort claim lead to the inference that the [medical providers] are independent contractors."  The Magistrate

_____

[1]  Moreno states that he is abandoning his claims regarding the United States' alleged negligence for:  (1) sending him to the eye clinic without an interpreter (he speaks only Spanish) and (2) failing to provide him with appropriate pain medication.

Judge also noted that, even if it was not recommending dismissal based on the FTCA's independent contractor exception, it agreed with the United States that the claim should be dismissed because Moreno did not file a certificate of merit and obtain an expert witness, as is required by Pennsylvania law. After rejecting Moreno's objections, the District Court adopted the Magistrate Judge's Report and Recommendation and granted the United States' motion for summary judgment.

Moreno now appeals.[2]

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

Under the FTCA, the United States is liable for torts as a private individual. See 28 U.S.C. § 2674. Federal prisoners may recover damages from the government for injuries sustained during confinement as a result of negligence by government employees. See United States v. Muniz, 374 U.S. 150 (1963). The United States is not liable under the FTCA unless the alleged tortfeasor is an employee of the government. See 28 U.S.C. §§ 1346(b), 2671. Thus, suits against independent contractors are not viable. See Orleans, 425 U.S. at 813-14; Norman v. United States, 111 F.3d 356 (3d Cir. 1997). "The critical factor used to distinguish a federal agency employee from an independent

---

[2]     Moreno appears to assert that the United States was negligent in not providing the outside doctors with his medical records. Because he did not raise this claim before the District Court, we will not consider it on appeal. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1298 (3d Cir. 1991).

contractor is whether the government has the power to 'control the detailed physical performance of the contractor.'" Norman, 111 F.3d at 357 (citing Orleans, 425 U.S. at 814). Under this standard, "it is not necessary for the Government to continually control all aspects of the individual's activities, so long as it has the authority to do so given the nature of the task." Patterson & Wilder Constr. Co., Inc. v. United States, 226 F.3d 1269, 1274 (11th Cir. 2000).

The District Court correctly held that the United States cannot be held liable for any negligence attributable to the medical providers who treated Moreno. Moreno's amended complaint and administrative tort claim repeatedly refer to the physicians as "contractors," and he responded to the government's motion by arguing only that the medical providers and the prison officials "shared responsibility" as to his medical care. Even if Moreno's assertion is correct, this does not allow for the inference that the United States had the "authority" to control the medical providers' right to exercise independent medical judgment. See Norman, 111 F.3d at 357; Carrillo v. United States, 5 F.3d 1302, 1304 (9th Cir. 1993) ("The circuits are unanimous in holding that a contract physician is not an employee of the government under the FTCA."). Accordingly, the District Court properly dismissed this claim.[3]

Based on the foregoing, we will affirm the District Court's entry of judgment in

---

[3] Because we affirm the District Court on the ground that Moreno's claim is barred by the FTCA's independent contractor exemption, we do not consider his argument regarding whether he should be required to file a certificate of merit.

4

favor of the United States.