GLD-154                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4138
_____

RODERICK F. BAILEY,
                                               Appellant

v.

U.S. MARSHALS SERVICE HEADQUARTERS; MR. RUSTIC, Warden
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 09-0349)
District Judge:  Honorable Gary L. Lancaster

_____

Submitted on Appellant's Motion to Reopen, Appellant's Application to Proceed <u>In Forma Pauperis</u>, for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), and for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2011
Before:  AMBRO, CHAGARES and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 8, 2011)
_____

OPINION
_____

PER CURIAM

        <u>Pro se</u> appellant Roderick Bailey appeals the District Court's orders granting the

U.S. Marshals Service's motion for summary judgment and Warden Rustic's motion to

dismiss.  We have jurisdiction under 28 U.S.C. § 1291 and review the orders under a

plenary standard of review. See Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (motion to dismiss); State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009) (summary judgment). Because this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.[1]

In his complaint, Bailey alleged that while imprisoned in Allegheny County Jail ("the Jail"), he was attacked by a fellow inmate, Gerald Davis. According to Bailey, the Marshals Service, which apparently had arranged for Bailey to be held at Allegheny, and Rustic, the warden of the jail, were negligent in failing to protect him from the attack. Bailey sought money damages under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680.

The District Court assigned the case to a magistrate judge, and the Marshals Service filed a motion to dismiss or, in the alternative, for summary judgment. Bailey requested leave to amend the complaint, which the magistrate judge granted. However, Bailey then missed two deadlines the magistrate judge imposed for amendment. Ultimately, in lieu of filing an amended complaint, Bailey filed what appears to be a brief in opposition to the Marshals Service's motion.

The magistrate judge then issued a report and recommendation concluding that Bailey's action failed against the Marshals Service because it was not a proper defendant

---

[1] Bailey's motion to reopen his appeal and motion to proceed in forma pauperis are GRANTED.

under the FTCA.  The magistrate judge also noted that, while it had given Bailey several opportunities to amend his complaint, he had failed to do so.  In any case, the magistrate judge stated, it would be futile for Bailey to amend his complaint to name the United States as a defendant.

Soon thereafter, Rustic filed a motion to dismiss.  While this motion was pending, and despite the terms of the magistrate judge's report and recommendation, Bailey filed an amended complaint that added the United States as a party.  The magistrate judge recommended that Rustic's motion be granted; the District Court then approved and adopted both reports and recommendations and refused to allow Bailey to amend his complaint.  Bailey appealed.

Most fundamentally, we agree with the District Court that Bailey's claims against the Marshals Service and Rustic fail as a matter of law.  It is well established that the United States is the only proper defendant in an action brought under the FTCA.  See, e.g., McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998); Woods v. United States, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983).  Indeed, Bailey does not seem to dispute this.

We will also affirm the District Court's order denying Bailey leave to amend his complaint.  As an initial matter, the magistrate judge repeatedly invited Bailey to amend, and he repeatedly flouted the magistrate judge's deadlines, without providing any explanation for his failure to comply.  While he did eventually file an amended complaint after the magistrate judge had issued its report and recommendation, the District Court was not required to accept such a dilatory amendment.  Cf. E. Minerals & Chems. Co. v.

3

Mahan, 225 F.3d 330, 340 (3d Cir. 2000); see also Murphy v. Eddie Murphy Prods., 611 F.3d 322, 324 (7th Cir. 2010).

We likewise agree with the District Court that it would have been futile for Bailey to amend his complaint to name the United States. The Marshals Service labeled its motion a "motion to dismiss or, in the alternative, for summary judgment," and thus notified Bailey that the motion could be considered under Rule 56 of the Federal Rules of Civil Procedure. See Hilfirty v. Shipman, 91 F.3d 573, 579-80 (3d Cir. 1996). Bailey then had several months to amend his complaint, request discovery, or file an affidavit under Rule 56(f). He did none of these things and instead filed a brief in response that did not dispute the Marshals Service's evidence but insisted that he was entitled to maintain his action because he had suffered a serious injury. In these circumstances, we perceive no error in the District Court's decision to treat the Marshals Service's motion as seeking summary judgment and to evaluate futility under a summary-judgment standard. See Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."); Johnson v. Am. Airlines, 834 F.2d 721, 724 (9th Cir. 1987).

Under that standard, it would have been futile for Bailey to amend his complaint to name the United States. An action may be brought under the FTCA only if the alleged tortfeasor is an employee of the United States; suits against independent contractors are not viable. See Norman v. United States, 111 F.3d 356, 357 (3d Cir. 1997). The alleged

4

tortfeasor is deemed an employee of the United States, and not a contractor, if "the government has the power to control the detailed physical performance of the [actor]." Id. at 357 (internal quotation marks omitted).

Here, the Marshals Service proffered an "Intergovernmental Service Agreement Schedule," which sets forth the terms of the relationship between the Marshals Service and the Jail, through which the Marshals Service would pay for the Jail to "provide custody, care, and safekeeping of federal prisons." While the agreement requires the Jail to adhere to certain standards and permits the Marshals Service periodically to inspect the Jail's operations, it does not empower the Marshals Service to supervise the day-to-day performance of Jail employees.[2] Therefore, the Jail's employees were contractors, and the United States could not be liable under the FTCA for their actions. See Logue v. United States, 412 U.S. 521, 530 (1973) (relying on similar agreement to conclude that jail employees were independent contractors under the FTCA). It would thus have been futile for Bailey to amend his complaint.

Finally, Bailey argues that the District Court should have reframed his action as arising under 42 U.S.C. § 1983 or Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). He made this argument for the first time in his objections to the magistrate judge's second report and recommendation, and thus may well have waived it. See Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). Even

---

[2] Indeed, there seems to be no factual dispute as to this arrangement: Bailey has "acknowledge[d] that Defendant['s] responsibility to the protection of Plaintiff are defined as stated within the Intergovernmental Service Agreement."

assuming that the argument is not waived, we conclude that such a claim would be futile. To maintain an action under § 1983 or <u>Bivens</u>, Bailey must plead that the prison official acted with deliberate indifference to his health or safety. <u>See, e.g.</u>, <u>Farmer v. Brennan</u>, 511 U.S. 825, 838 (1994). Bailey has given no indication that he can sustain such a claim; to the contrary, his complaint repeatedly accuses the defendants of "negligence," which is manifestly insufficient. <u>See, e.g.</u>, <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 849 (1998).

We have thoroughly considered Bailey's remaining arguments and find them meritless. Having granted his motions to reopen and to proceed <u>in forma pauperis</u>, <u>see</u> <u>supra</u> note 1, we will therefore summarily affirm the District Court's order granting summary judgment to all defendants. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.