**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1526
_____

E.D.,

Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 5:17-cv-2691)
District Judge:  Hon. Edward G. Smith

Submitted under Third Circuit L.A.R. 34.1(a)
January 24, 2019

Before:  SMITH, Chief Judge, CHAGARES and BIBAS, Circuit Judges

(Filed March 1, 2019)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Appellant E.D. was the victim of institutional sexual assault by Daniel Sharkey, an employee of an immigrant detention facility run by Berks County, Pennsylvania, under a contract with the United States Immigration and Customs Enforcement agency (ICE). She filed a lawsuit against the United States for negligence. The District Court dismissed the case for lack of jurisdiction because the United States has not waived sovereign immunity for the torts of its independent contractors. We agree, but we also conclude that the District Court's dismissal of E.D.'s direct negligence claim against the United States was procedurally improper. Thus, we will affirm in part, vacate in part, and remand.

I.

Because we write only for the parties, we recite just those facts necessary to our disposition.

E.D. is a Honduran national who sought asylum in the United States in 2014. She and her son were detained at the Berks County Residential Center – Immigration Family Center (BCRC), which has a contract with ICE to act as a detention facility and house immigrant detainees and their children. For three months of her detention, E.D. was the victim of institutional sexual assault by Daniel Sharkey, a BCRC staff member.

E.D. filed a lawsuit against the United States for negligence under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–80. The Government moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Among other reasons, it

2

argued that the independent-contractor exception to the FTCA applied and thus sovereign immunity barred the District Court from exercising jurisdiction.

After jurisdictional discovery, the District Court considered the evidence the parties submitted and found that Berks County controlled day-to-day operations at BCRC. Under Berks County's contract with ICE, it was the county that would "house" detainees and "perform related residential/detention services." Joint Appendix ("JA") 6. And BCRC employees, managers, and directors — "[e]ssentially every employee" — "testified ICE did not supervise or control their day-to-day responsibilities." JA 8, 13. An ICE representative testified the same way. JA 7–8.

The court found that ICE, on the other hand, performed only "generalized compliance supervision." JA 13. To this end, the contract authorized ICE to conduct "periodic inspections of the facility to assure compliance." JA 7. And an ICE employee "spent about fifty percent of her time in 2014 on site" to guarantee compliance. JA 7. But, the court found, "her role was not to control and/or supervise daily operations." JA 7. Similarly, ICE hired an independent auditor to perform compliance audits on BCRC, but the court found that the auditor "did not supervise daily operations; instead, it inspected BCRC-IFC and then reported its findings to ICE." JA 13. Other than ensuring compliance with ICE rules and regulations, the court concluded, "ICE broadly delegated its duties to BCRC-IFC." JA 12.

Based on these findings, the District Court determined that BCRC was an independent contractor to which the Government had delegated its duty of safekeeping and granted the Government's motion to dismiss. E.D. timely appealed.

3

II.

The District Court had jurisdiction under 28 U.S.C. § 1346(b)(1). We have appellate jurisdiction under 28 U.S.C. § 1291. We review the District Court's findings of fact only for clear error, but exercise plenary review over its legal conclusions. CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008).

III.

A.

The United States has waived sovereign immunity for some negligence suits for injuries caused by Government employees. 28 U.S.C. § 1346(b). Government employees include officers and employees of any federal agency, but not "any contractor with the United States." 28 U.S.C. § 2671. Thus, we have held that "there is an independent-contractor exemption in the Federal Tort Claims Act." Norman v. United States, 111 F.3d 356, 357 (3d Cir. 1997). "A critical element in distinguishing an agency from a contractor is the power of the Federal Government 'to control the detailed physical performance of the contractor.'" United States v. Orleans, 425 U.S. 807, 814 (1976) (quoting Logue v. United States, 412 U.S. 521, 528 (1973)). In other words, "the question here is . . . whether [the] day-to-day operations are supervised by the Federal Government." Id. at 815.

The District Court found that Berks County controlled day-to-day operations at BCRC, not the Federal Government. Although E.D. offers reasons that this Court could "have reached a different conclusion as the trier of fact," that "is not enough": "as long as the district court's factual findings are plausible when viewed in light of the entirety of

4

the record, we must affirm." Prusky v. ReliaStar Life Ins. Co., 532 F.3d 252, 258 (3d Cir. 2008) (quotation marks omitted). And the District Court's finding is certainly plausible in light of the record. Indeed, it is well supported by BCRC's contract with ICE and the testimony of those working at BCRC. Nor is the court's finding contradicted by ICE's ability "to compel compliance with federal standards" through inspections, audits, and an on-site representative. Orleans, 425 U.S. at 815. Even acknowledging ICE's ability to police compliance with federal standards, we are not left "with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). Thus, the District Court's finding was not clearly erroneous.

Given that "the district court specifically" — and not clearly erroneously — "found that the Government exercised no operational, day-to-day control over" BCRC, the District Court's legal conclusion that Berks County is an independent contractor necessarily followed. Gibson v. United States, 567 F.2d 1237, 1242 (3d Cir. 1977). Thus, BCRC employees are not employees of the Government but independent contractors, and the United States has not waived sovereign immunity for their torts.

B.

That conclusion, however, does not end the case. See Logue, 412 U.S. at 532. E.D. also alleges that the United States was directly negligent. See JA 33 (Compl. ¶¶ 88–89); cf. CNA, 535 F.3d at 148–49 (citing Sheridan v. United States, 487 U.S. 392 (1988)). She claims that Jeremiah Petrey, an ICE employee who was friends with Sharkey, knew that the institutional sexual assault was going on and negligently responded to it, see, e.g., JA 25, 27–28 (Compl. ¶¶ 21, 34–47); that ICE Field Director

5

Thomas Decker negligently responded to the incidents when she reported them, see, e.g., JA 29–31 (Compl. ¶¶ 53, 58–60, 68–72, 76–77); and that ICE policies and procedures inadequately protected detainees from institutional sexual assault, see, e.g., JA 32–33 (Compl. ¶¶ 80–85). The District Court granted the Government's motion to dismiss the direct-negligence claim under Rule 12(b)(1) for lack of jurisdiction because the "Government cannot be held directly liable under the FTCA for breaching a duty that it has delegated to an independent contractor." JA 14. The District Court explained that the "contractual language, together with the . . . record developed by the parties, makes it clear that the duties of safekeeping were delegated to Berks County." JA 16.

We have explained, however, that "where jurisdiction is intertwined with the merits of an FTCA claim, . . . a district court must take care not to reach the merits of a case when deciding a Rule 12(b)(1) motion." CNA, 535 F.3d at 144 (citing Gould Elecs. Inc. v. United States, 220 F.3d 169, 178–79 (3d Cir. 2000)). That is the case here. Whether the Government wholly delegated any state-law duty that was allegedly breached by its employees' negligent response to known institutional sexual assault and its inadequate protection against institutional sexual assault is intertwined with the merits of E.D.'s direct-negligence claim. "[W]hen faced with a jurisdictional issue that is intertwined with the merits of a claim, district courts must demand 'less in the way of jurisdictional proof than would be appropriate at a trial stage.'" Id. (quoting Gould Elecs., 220 F.3d at 178). It is not clear that the District Court did that. On the contrary, the District Court relied heavily on Gibson v. United States, which rejected a direct-negligence claim (under New Jersey law) not for lack of jurisdiction, but on the merits

6

"after a non-jury trial," 567 F.2d at 1239. <u>See</u> JA 15–16. We will thus vacate the part of the District Court's order dismissing the direct-negligence claim and remand for the District Court to consider whether E.D. offers sufficient jurisdictional proof at this stage (and, as appropriate, the Government's other arguments for dismissal, <u>see</u> JA 16 n.9).

IV.

For these reasons, we will affirm in part, vacate in part, and remand to the District Court for proceedings consistent with this opinion.