**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1815
_____

DOROTHEA W. HELTON,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-20-cv-00076)
Magistrate Judge:  Honorable Susan E. Schwab
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 10, 2022
Before:  JORDAN, GREENAWAY, JR., and NYGAARD, <u>Circuit Judges</u>

(Opinion filed December 8, 2022)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Dorothea Helton appeals from the District Court's order granting Appellee's motion to dismiss her complaint for lack of subject matter jurisdiction. For the following reasons, we will affirm the District Court's judgment.

I.

Helton alleges that she was injured on the premises of the United States Postal Service office in Mt. Union, Pennsylvania, in December 2016. She subsequently filed a personal injury complaint, which the District Court construed as asserting a Federal Tort Claims Act ("FTCA") claim for negligence against the United States Post Office. The United States was later substituted as the defendant and, after discovery, it filed a motion for summary judgment, arguing, inter alia, that it was immune from suit. Construing the filing in part as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the District Court granted the motion and dismissed Helton's complaint for lack of subject matter jurisdiction based on the independent-contractor exception to the FTCA's waiver of immunity.[1] Helton appealed.

II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over questions of subject matter jurisdiction. See Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." Davis v.

_____

[1] The parties consented to have this case adjudicated by a Magistrate Judge. See 28 U.S.C. § 636(c)(1).

2

Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016). When considering a factual challenge, like the one in this case, "the plaintiff has the burden of proof that jurisdiction does in fact exist, the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case, and no presumptive truthfulness attaches to the plaintiff's allegations." Hartig Drug Co. v. Senju Pharm. Co., 836 F.3d 261, 268 (3d Cir. 2016) (alterations, citation, and internal quotation marks omitted).

III.

The FTCA grants the district courts jurisdiction over certain claims against the United States for negligence by Government employees. See 28 U.S.C. § 1346(b). This waiver of sovereign immunity applies to officers and employees of a federal agency, but not to "any contractor with the United States." 28 U.S.C. § 2671. Thus, we have held that "there is an independent-contractor exemption in the Federal Tort Claims Act." Norman v. United States, 111 F.3d 356, 357 (3d Cir. 1997). "A critical element in distinguishing an agency from a contractor is the power of the Federal Government 'to control the detailed physical performance of the contractor.'" United States v. Orleans, 425 U.S. 807, 814 (1976) (quoting Logue v. United States, 412 U.S. 521, 528 (1973)). In other words, "the question here is . . . whether [the] day-to-day operations are supervised by the Federal Government." Id. at 815.

Helton alleged that the post office was liable for her injuries because it was negligent in failing to prevent or remove ice buildup on its front steps. In support of its motion for summary judgment, Appellee presented evidence that the postmaster had

3

retained an individual, Clyde Bedsaul, to perform all snow-removal services at the Mt. Union post office. Pursuant to a hand-written contract drafted by Bedsaul, he was paid a flat rate for each day he worked, and he was responsible for keeping the premises clear of ice and snow at all times. Bedsaul himself would determine when to perform services and monitor weather conditions at the post office. The postmaster did not monitor his work or provide direction, nor did anyone else. Helton did not present any evidence negating those facts. The District Court's conclusion that Bedsaul was an independent contractor was accordingly well supported by the record, and we therefore agree with its decision that Appellee has not waived sovereign immunity with respect to Helton's claim and that jurisdiction was lacking. See Norman, 111 F.3d at 357-58 (holding that independent-contractor exception applied despite state-imposed duty to maintain safe premises).

Also, in her brief, Helton alleges for the first time that the postmaster was negligent in hiring Bledsaul. We decline to address that allegation for the first time on appeal. See Delaware Nation v. Pennsylvania, 446 F.3d 410, 416 (3d Cir. 2006). We will accordingly affirm the judgment of the District Court.

4