**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1886
_____

SEAN CHRISTOPHER CLEMMONS,
Appellant

v.

UNITED STATES OF AMERICA;
HARRELL WATTS; J.L. NORWOOD; H.L. HUFFORD;
HUDSON; BROSIOUS; SIMONSON;
INTEGRATED MEDICAL SOLUTIONS; JERRY B. HEFTLER;
E. MACE-LEIBSON; STEFFAN; LINGENFELTER;
LADD; FISHER

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:15-cv-02003)
District Judge:  Honorable John E. Jones, III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2019
Before:  MCKEE, COWEN and ROTH, Circuit Judges

(Opinion filed October 25, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Sean Christopher Clemmons, proceeding pro se, appeals from the District Court's orders dismissing his complaint in part and granting summary judgment to the defendants on the remaining claims. For the following reasons, we will affirm in part, vacate in part, and remand for further proceedings.

In April 2014, Clemmons, an inmate formerly confined at the Federal Correctional Institution-Schuylkill ("FCI-Schuylkill"), filed a pro se action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674. In his amended complaint, Clemmons alleged that both medical and nonmedical defendants were "negligent, gross[ly] negligent, and reckless in rendering 'medical treatment'" for his chronic hemorrhoid condition, and for refusing to treat the same condition. Dkt # 50, at 2.[1] Clemmons also filed several motions seeking appointment of counsel, a motion seeking a court appointed expert, and a motion to increase the sought-for damages, which were all subsequently denied by the District Court.

---

[1] Specifically, Clemmons alleged that the defendants failed: (1) to select competent physicians; (2) to oversee all persons who practice medicine on behalf of Integrated Medical Solutions ("IMS") and FCI-Schuylkill medical department; (3) to formulate, adopt and enforce necessary rules and policies; (4) to order appropriate diagnostic tests; (5) to promptly refer him to a hemorrhoid specialist; (6) to minimize the risk of advancing problems related to the failure to treat conditions; (7) to adequately monitor, review, and modify his treatment plan; (8) to utilize hands on care when necessary; (9) to treat his condition; (10) to take proactive action in treating his hemorrhoids; and (11) to provide adequate and competent medical care "in other ways." Dkt # 50, 2–3.

The defendants filed motions to dismiss for failure to state a claim, and in the alternative, motions for summary judgment. On March 20, 2017, the District Court entered two orders disposing of all claims asserted by Clemmons. First, the District Court entered an order dismissing the claims against Integrated Medical Solutions ("IMS") and Heftler. Dkt # 120. Second, the District Court entered an order dismissing the claims against Watts, Norwood, Hufford, Hudson, Brosious, Simonson, Ladd, and Fisher, and granting the defendants' motion for summary judgment pertaining to the claims against Leibson, Steffan, Ligenfelter, and the United States. Dkt # 121.

Clemmons filed a timely notice of appeal. On appeal, Clemmons argues that the District Court erred in dismissing his claims, in granting the defendants' motions for summary judgement, in denying his motions for appointment of counsel, in denying his request for a court-appointed expert, and in denying his motion to increase sought-for damages. Clemmons additionally filed a motion to supplement the record in this Court.

I.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of orders granting motions to dismiss and motions for summary judgment. AT&T Corp. v. JMC Telecom, LLC, 470 F.3d 525, 530 (3d Cir. 2006). In reviewing an order granting a motion to dismiss, we accept all factual allegations in the complaint as true, and we draw all reasonable inferences in the light most favorable to the plaintiff. Id. Summary judgment is appropriately entered only when there is no genuine issue as to any material

3

fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

We review the denial of a request for counsel for abuse of discretion. See Tabron v.

Grace, 6 F.3d 147, 155 n.4 (3d Cir. 1993).

## II.

We agree that the District Court properly dismissed Clemmons' Eighth

Amendment challenges under Bivens. Clemmons' allegations against Watts, Norwood,

Hufford, and Brosious are based on the denial of Clemmons' administrative remedy

requests. His allegations against Simonson and Hudson are based on their failure to

respond to Clemmons' emails concerning his medical treatment. None of the allegations

against these non-medical defendants, who had no involvement in the provision of

medical care to Clemmons, stated an Eighth Amendment claim upon which relief could

be granted. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) ("If a prisoner is under

the care of medical experts[,] . . . a non-medical prison official will generally be justified

in believing that the prisoner is in capable hands."). Clemmons did not allege that these

defendants, or IMS or Heftler, had any personal involvement in the alleged violation of

his Eighth Amendment rights. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.

1988) (stating that a party may establish liability for the deprivation of a constitutional

right only through a showing of personal involvement by each defendant and explaining

that "liability cannot be predicated solely on the operation of *respondeat superior*").

4

Similarly, the District Court was correct to dismiss the claims against Ladd and Fisher, which relied solely on their management of Clemmons' inmate account. Specifically, Clemmons alleged that Ladd and Fisher caused him physical injury by "withholding plaintiff money and hindering plaintiff from being able to purchase his needed medication." Dkt # 50, at 9. However, Clemmons has not alleged that the defendants knew of and disregarded an excessive risk to his health. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).

Also, the District Court properly granted summary judgment in favor of Mace-Leibson, Steffan, and Lingenfelter on the Eighth Amendment claims because, although Clemmons clearly disagrees with these defendants' decisions in his treatment, a mere disagreement in treatment is not an actionable constitutional violation. See Monmouth Cty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); see also United States ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (quoting Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976)) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."). Clemmons' medical record, submitted by both Clemmons and the defendants, indicates that Clemmons presented to the FCI-Schuylkill Health Services Department three times complaining of painful

5

hemorrhoids and submitted multiple Request-to-Staff forms alleging similar complaints.[2]

At each visit to the Health Services Department, the on-call physician's assistant

evaluated Clemmons, listened to his complaints, and provided treatment. Specifically,

Clemmons was repeatedly instructed to purchase hemorrhoid cream from the commissary

and apply it to the external hemorrhoids. See, e.g., Appellant's Appendix, at 68–70, 73–

75, 89–90; dkt # 97-1, at 32–36, 647–49. On one occasion, when Clemmons complained

that the commissary replaced the cream with pads, Lingenfelter gave him a commissary

slip for hydrocortisone cream. Appellant's Appendix, at 89.[3] The defendants also

---

[2] Clemmons submitted a declaration to the District Court which stated that, prior to being transferred to SCI-Schuylkill, he had informed medical personnel of "significant blood in bowel movements," dkt # 106, at 2, a complaint that sounds like the one that the defendants described as requiring additional care than was provided, see dkt # 97-1, at 35 ("Surgery [for hemorrhoids] becomes necessary when it's medically indicated that a person is experiencing significant blood loss, and surgery must be performed to stop blood loss."). However, in response to the defendants' evidence that he did not tell them he was experiencing significant blood loss, Clemmons failed to present any evidence that he made such complaints to the medical personnel at SCI-Schuylkill.

[3] To the extent that Clemmons also claims that these defendants denied him medical care because he did not have the funds to purchase medicine from the commissary, the District Court correctly determined that this argument was without merit. Clemmons alleged that he was unable to purchase the medication from the commissary in July 2014 because $20.00 that was sent to him was "froze[n]." Dkt # 50, at 9. However, the defendants submitted an affidavit from the Trust Fund Supervisor at FCI-Schuylkill that states that his deposit was "not encumbered or 'frozen,'" dkt # 97, at 27, and Clemmons did not put forth evidence to put the matter into dispute. See Fed. R. Civ. P. 56(c).

responded to the written requests submitted by Clemmons, and similarly instructed him to purchase over-the-counter cream from the commissary.[4]

## III.

To the extent that Clemmons sought to bring a state law negligence claims against IMS and Heftler outside the FTCA, we agree that the District Court was correct to dismiss these claims. Clemmons' amended complaint failed to state such a claim, since it did not include factual allegations to allow a court to draw the reasonable inference that those defendants were liable for the harm alleged. See Santiago v. Warminster Twp., 629 F.3d 121, 133 (3d Cir. 2010). Clemmons' amended complaint merely stated conclusory assertions about IMS and Heftler, and we have repeatedly held that "conclusory or bare-bones allegations will no longer survive a motion to dismiss: threadbare recitals of the elements of a case of action, supported by mere conclusory statements, do not suffice." See Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotations omitted) (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)).[5]

---

[4] In his brief on appeal, Clemmons states that he was ultimately provided surgical treatment for his hemorrhoid condition, in August 2015, after he was transferred to a different correctional institution. See Brief for Appellant, at 9 (PDF page number). However, as noted by the District Court, evidence of Clemmons' condition nearly a year after his transfer is not indicative of his condition while receiving treatment while confined at FCI-Schuylkill.

[5] In addition, the District Court did not abuse its discretion by denying Clemmons' three motions for the appointment of counsel. See Tabron, 6 F.3d at 155–56. To the extent that Clemmons argues that the District Court erred in denying his request for a court

7

IV.

We disagree, however, with the District Court's decision to grant summary

judgment on Clemmons' FTCA claims due to his failure to file a certificate of merit

("COM"). Under the FTCA, "[t]he United States shall be liable . . . in the same manner

and to the same extent as a private individual under like circumstances." 28 U.S.C. §

2674. The FTCA requires a court to apply the tort laws of the state in which the alleged

tort arose. Gould Elecs. Inc. v. United States, 220 F.3d 169, 179 (3d Cir. 2000). Here,

the alleged tort occurred in Pennsylvania and Pennsylvania's law applies. Pennsylvania

law requires a plaintiff alleging medical malpractice to file a COM. Pa. R. Civ. P.

1042.3(a). The certificate must attest either that an appropriate licensed professional

supplied a written statement that there exists a reasonable probability that the care

provided fell outside acceptable professional standards, or that expert testimony of an

appropriate licensed professional is unnecessary. Pa. R. Civ. P. 1042.3(a)(1) & (3). This

requirement is a substantive rule and applies even where, as here, the claim is brought in

federal court. See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264–65 (3d Cir.

2011).

---

appointed expert witness, the District Court acted within its discretion in denying the
request. Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987) (finding no statutory
authority for courts to pay expert witness fees of indigent civil litigants). Furthermore,
the District Court was also within its discretion to deny Clemmons' request to increase
amount of damages in the prayer for relief, since Clemmons had already been permitted
to file several amended complaints.

8

On appeal, Clemmons argues that he sufficiently complied with Rule 1042.3(a)(3)'s requirements, by asserting that he was able to proceed without expert testimony. We agree. After Clemmons was notified by the United States Attorney's Office of its intent to move for summary judgment based on his failure to file a COM pursuant to Rule 1042.3(a)(1), Clemmons filed several documents relating to the COM requirement. See dkt # 72–74, 77–78. None of these documents met the requirements of Rule 1042.3(a)(1), and most of them did not meet the requirements of Rule 1042.3(a)(3).[6] In one, however, he stated that expert testimony was not necessary, and he asked the District Court to "grant [his] motion . . . to proceed in this action to satisfy the scope of . . . certificate of merit. See dkt # 78, at 1, 5. Accordingly, Clemmons presented a COM under Rule 1042.3(a)(3). See Liggon-Redding, 659 F.3d at 265; see also Womer v. Hilliker, 908 A.2d 269, 271 (Pa. 2006).

Because Clemmons presented a COM, the District Court erred in granting the United States' motion for summary judgment on the basis that Clemmons had not presented a COM under Rule 1042.3(a)(1).[7] See Liggon-Redding, 659 F.3d at 265

---

[6] Instead, Clemmons largely made repeated requests that the COM requirement be waived.

[7] However, the District Court properly dismissed the FTCA claims against IMS and Heftler because Clemmons failed to state a FTCA claim against IMS, an independent contractor of the federal Bureau of Prisons, and Heftler, an employee of IMS. See 28 U.S.C. § 2671 ("[T]he term 'Federal agency' . . . does not include any contractor with the

9

("There is no basis in Pennsylvania law that would permit a district court to reject a filing under Rule 1042.3(a)(3) in favor of one filed under Rule 1042.3(a)(1).")

V.

For the foregoing reasons, we will vacate the judgment of the District Court with respect to Clemmons' FTCA claims against the United States, affirm the judgment in all other respects, and remand for further proceedings consistent with this opinion.[8]

---

United States."); <u>United States v. Orleans</u>, 425 U.S. 807, 813–14 (1976); <u>Norman v. United States</u>, 111 F.3d 356, 357 (3d Cir.1997).

[8] Clemmons' motion to supplement the record is denied, since the documents that Clemmons seeks to present were not presented to the District Court. <u>See</u> <u>United States v. Donsky</u>, 825 F.2d 746, 749 (3d Cir. 1987) ("[T]his court cannot consider any material that is not a part of the record."); <u>see also</u> Fed. R. App. P. 10(e) (permitting supplementation of record if material was omitted by error or accident).